UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

HAROLD E. LEAPHART,
        Plaintiff

v.

PRISON HEALTH SERVICES, INC., et al.,
        Defendants

Civil No: 3:10-CV-1019

(Judge Kosik)

FILED
SCRANTON
DEC 21 2010
PER_____
DEPUTY CLERK

## ORDER

AND NOW, this 21st day of December, 2010, IT APPEARING TO THE COURT THAT:

(1) Plaintiff, Harold E. Leaphart, a state inmate currently confined at SCI Fayette, filed this pro se civil rights Complaint on May 12, 2010. (Doc. 1). Plaintiff, thereafter, filed an Amended Complaint on October 4, 2010. (Doc. 50).

(2) In the Complaint, Plaintiff alleges that Defendants, Prison Health Services, Inc., two PHS staff members, Dr. Klemick, and P.A. Auman, and an outside physician, Dr. Kansal, violated his civil rights pursuant to 42 U.S.C. § 1983, and committed medical malpractice, pursuant to Pennsylvania state tort law. (Docs. 1, 50).

(3) Plaintiff alleges that, beginning in February 2008, he experienced severe pain in his right testicle. After an initial examination, prison medical personnel diagnosed Plaintiff with epididymitis, a form of testicular infection and inflammation.

(4) Plaintiff further alleges that when the pain continued for several months, he was scheduled for an additional examination and medical procedure to be performed by Defendant, Dr. Kansal, a local urologist. Plaintiff claims that the purpose of the medical visit was to perform a biopsy of the inflamed testicle and determine if the testicle was cancerous.

(5) According to the Complaint, on May 13, 2008, Plaintiff was placed under general anesthesia to have the biopsy performed. Plaintiff alleges that when he awoke, he discovered that doctors had amputated his right testicle without his knowledge, consent, or approval.

(6) The case was assigned to Magistrate Judge Martin C. Carlson.

(7) Defendants have all moved to dismiss Plaintiff's Complaint on various grounds, including: "(1) arguing that Leaphart has failed to articulate a violation of any constitutionally protected rights of this state inmate; (2) further contending that any state malpractice claims are insufficiently pled and proven under state law; and (3) urging the Court to decline to exercise jurisdiction over any such state claims if it finds that no cognizable federal constitutional violation has been alleged." (Doc. 56 at 3).

(8) On November 22, 2010, the Magistrate Judge issued a Report and Recommendation recommending that Defendants' motions to dismiss Leaphart's constitutional claims under the Eighth and Fourteenth Amendments should be denied; Defendant Kansal's Motion to Dismiss for lack of state action should be denied; and Defendants' motion to dismiss pendant state law malpractice/informed consent claims for failure to comply with Rule 1042.3 should be granted. (Doc. 56 at 29).

(9) Neither Plaintiff nor Defendants filed objections to the Magistrate Judge's Report and Recommendation.

AND IT FURTHER APPEARING THAT:

(10) If no objections are filed to a magistrate judge's report and recommendation, the plaintiff is not statutorily entitled to a de novo review of his claim. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-53 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. See Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

(11) We have reviewed the Magistrate Judge's Report and Recommendation and we agree with his findings that, with respect to the Constitutional claims and the state action claim, the motion to dismiss should be denied. As to the state law medical malpractice claim, we agree that the motion to dismiss should be granted due to Plaintiff's failure to comply with Pennsylvania Rule of Civil Procedure 1042.3 by failing to file a valid certificate of merit along with this malpractice claim.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of November 22, 2010 (Doc. 56), is ADOPTED;

(2) Defendants' motions to dismiss Leaphart's constitutional claims under the Eighth and Fourteenth Amendments (Doc. 36) are DENIED;

(3) Defendant Kansal's motion to dismiss for lack of state action (Doc. 31) is DENIED;

(4) Defendants' motion to dismiss pendant state law malpractice/informed consent claims for failure to comply with Pennsylvania R. Civ. P. 1042.3 (Doc. 52) is GRANTED; and

(5) The case is referred back to the Magistrate Judge for further proceedings.

Edwin M. Kosik
United States District Judge