# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| HAROLD E. LEAPHART, | : | Civil Action No. 3:10-CV-1019 |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | (Judge Kosik) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| PRISON HEALTH SERVICES, et. al, | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

### I. INTRODUCTION

In this civil action, Plaintiff Harold E. Leaphart, an inmate currently confined at the State Correctional Institution at Fayette, has alleged that an array of defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment to the United States Constitution, when they removed one of his testicles following a diagnosis of testicular cancer. Based upon these allegations, Leaphart also asserts violations of his right to substantive due process, in violation of the Fourteenth Amendment.[1]

---

[1] Plaintiff had also brought claims alleging medical malpractice, but these claims were subsequently dismissed for Plaintiff's failure to file a timely

Now pending before the Court is Leaphart's motion for the appointment of counsel to represent him in connection with his civil lawsuit. (Doc. 62.) Leaphart filed a brief in support of his motion (Doc. 63), in which he represents that this civil action will require extensive discovery, and he submits that his ability to participate effectively in pre-trial and trial proceedings is compromised by his status as a "segregation inmate," and his limited knowledge of law generally. (Id.) In his brief, Leaphart asserts that his case has merit, although he does not elaborate on the reasons for this view.

Defendants have filed a consolidated brief opposing the motion, in which they take a decidedly different view of the pending litigation. (Doc. 66.) In their response, Defendants contend that Plaintiff's Eighth Amendment claims, alleging deliberate indifference to his medical needs and denial of due process, are without merit in both fact and law. (Id.) In this regard, Defendants represent that medical records exist that establish that Plaintiff did receive timely and appropriate medical care, which resulted in a diagnosis of testicular cancer and necessitated the removal of Plaintiff's right testicle. Notably, Defendants further represent that this surgical procedure was subsequently performed with Plaintiff's express,

---

certificate of merit as required by Pennsylvania Rule of Civil Procedure 1042.3. (Doc. 57.)

written, and informed consent. Based upon this representation, Defendants express confidence that this case is amenable to summary disposition based upon the medical records alone. Based upon their assessment that this case lacks merit, and because Plaintiff has shown himself to be an able advocate on his own behalf, and because the issues are not likely to be complex given the existence of Plaintiff's own consent to the treatment he has now challenged in this case, Defendants maintain that there exists no adequate basis to justify the appointment of counsel.

Upon consideration, we will deny, without prejudice, Plaintiff's motion for the appointment of counsel, and we will direct Defendants to submit motions for summary judgment not later than **March 1, 2011**, to allow the parties and the Court to determine promptly whether this case is capable of being disposed of without the need of substantial pre-trial discovery.

## II. **DISCUSSION**

There is neither a constitutional nor a statutory right to counsel for civil litigants. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Notwithstanding this lack of a constitutional or statutory right to appointed counsel, in a civil case, 28 U.S.C. § 1915(e)(1) provides that "[t]he court may request an attorney to represent any

person unable to employ counsel." A district court's appointment of counsel pursuant to this statute is discretionary and must be made on a case-by-case basis. Tabron, 6 F.3d at 157-58. The exercise of this discretion, however, is guided by certain basic principles. Gordon v. Gonzalez, 232 F. App'x. 153, 156 (3d Cir. 2007),

In Tabron, the United States Court of Appeals for the Third Circuit first outlined with specificity the applicable standards to be considered by courts upon an application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). Id. at 155-57. In Parham, the Third Circuit identified the following guidelines for appointing counsel to indigent civil litigants:

> As a preliminary matter, the plaintiff's claim must have some merit in fact and law. If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors:
>
> (1) the plaintiff's ability to present his or her own case;
>
> (2) the complexity of the legal issues;
>
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such an investigation;
>
> (4) the amount a case is likely to turn on credibility determinations;

> (5) whether the case will require the testimony of expert witnesses;
>
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

While we understand the obstacles which the Plaintiff faces in bringing this action, our analysis of these factors, coupled with the representations that Defendants have jointly made in their brief opposing Plaintiff's motion, suggests that counsel should not be appointed in this case at the present time. At the outset, we believe that we should defer any such decision until after we have had the opportunity to learn whether Defendants have a right to summary disposition of Plaintiff's claims based upon Plaintiff's own informed consent to the surgical procedure that he has challenged in this case. Upon consideration, we anticipate that the summary judgment motions that Defendants plan to file are likely cast a great deal of light upon the first benchmark standard we must address, the question of whether the Plaintiff's claims have any arguable merit. In our view, it would be inappropriate to appoint counsel until we have the opportunity to conduct this threshold merits analysis.

Moreover, while the Plaintiff doubtless faces some obstacles in bringing this action, to date the Plaintiff has demonstrated an ability to effectively present

this own case, advancing arguments in a clear, concise, and intelligent manner. In addition, this case – at present – does not appear to present difficult and complex legal issues. Furthermore, the actual investigation that the Plaintiff has to do is minimal, since the pleadings show that the Plaintiff is fully aware of the bases for these claims against the Defendants. Furthermore, because we will direct Defendants to file any such threshold summary judgment motions by March 1, 2011, we conclude that there will be little, if any, need for Plaintiff to conduct extensive or complicated investigation before that time. Taking these factors into account we believe that the application of these factors weighs against the appointment of counsel at this time.

### III. **ORDER**

Accordingly, for the foregoing reasons, Plaintiff's motion for the appointment of counsel (Doc. 62) is DENIED, without prejudice to re-examining this issue as this litigation progresses. IT IS FURTHER ORDERED THAT Defendants shall file their initial motions for summary judgment not later than March 1, 2011, in light of their representation that this case may be amenable to

summary disposition based upon Plaintiff's express consent to the medical treatment that he received, and now challenges in this action.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated: January 14, 2011