**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HAROLD E. LEAPHART,** | : | **CIVIL NO. 3:10-CV-1019** |
| | : | |
| **Plaintiff,** | : | **(Judge Kosik)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **PRISON HEALTH SERVICES, INC.,** | : | |
| **et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM OPINION AND ORDER**

## I.    Introduction

This case comes before the Court on a motion to compel discovery filed by the Plaintiff, Edwin Leaphart, a state prisoner. (Doc. 87.) In this motion, Leaphart moves for an order compelling discovery from the Defendants, discovery which seeks disclosure of matters that are collateral to his claims that lie at the heart of this lawsuit. Moreover, Leaphart makes this request at a time when there are pending before this Court two potentially dispositive summary judgment motions that deal directly with the merits of Leaphart's claims. (Docs. 76 and 83.)

For the reasons set forth below, in the exercise of our discretion, we conclude that Leaphart's motion to compel should be denied, without prejudice to renewal of

this motion, if necessary, once the Court has addressed the merits of the potentially

dispositive pre-trial motions that are currently pending in this case.

## II.   <u>Statement of Facts and of the Case</u>

On May 12, 2010,  Leaphart filed a complaint (Doc. 1), which he amended on

October 4, 2010, (Doc. 50), naming Prison Health Services, Inc. ("PHS"), the contract

health care provider for the Department of Corrections; two PHS staff, Dr. Frederick

Klemick, and Physician Assistant Angela Auman (the PHS Defendants); and an

outside physician, Dr. Raj Kansal, as Defendants. In his complaint, Leaphart alleged

that, beginning in February of 2008, he experienced severe pain from a lump on his

right testicle. (Docs. 1, and 50.)  When Leaphart was examined by prison medical

personnel they initially, and erroneously, diagnosed his condition as epididymitis, a

form of testicular infection and inflammation. (<u>Id.</u>) When the condition persisted for

several months, medical staff  expressed a concern that their diagnosis was in error

and that the testicle might be cancerous. (<u>Id.</u>) Therefore, the Defendants scheduled

Leaphart for an additional examination and medical procedure with Dr. Kansal, a

local urologist. Leaphart alleges that he was informed by the Defendants that  the

purpose of this procedure was to conduct a biopsy to determine whether his testicle

was, in fact, cancerous, and that once the biopsy was completed he understood that

2

he and the doctors would review the biopsy results and assess Leaphart's medical options. (Id.)

Leaphart underwent this surgical procedure under general anesthesia on May 13, 2008. According to Leaphart, when he awoke from surgery he discovered that the doctors had amputated his right testicle without his prior knowledge, approval or consent. (Id.) Alleging that he never consented to the amputation of this body part, Leaphart has now brought this civil action alleging that the Defendants' actions in neglecting his medical condition, and then amputating his testicle without his consent violated his constitutional rights. (Id.)  On the basis of these allegations, Leaphart seeks compensatory and punitive damages. (Id.)

After this Court denied initial motions to dismiss filed by the Defendants in this case, (Docs. 56 and 57), finding that there were disputed factual issues regarding whether Leaphart ever consented to the surgical removal of his cancerous testicle, the Defendants filed summary judgment motions. (Docs. 76 and 83.) These summary judgment motions include as exhibits documents purporting to be informed consent forms signed by Leaphart acknowledging that physicians might remove his cancerous testicle in the course of this May 13, 2008 medical procedure. (Id.) This evidence that Leaphart consented to the removal of this cancerous organ has obvious relevance to an inmate due process claim of a right to refuse treatment. A claim like the claim

made here by Leaphart is based upon the alleged failure to inform a prisoner of medical treatment options, which denied the inmate the right to make informed choices concerning the right to refuse treatment. In this setting, a failure to disclose to the inmate the treatment option chosen by doctors is a essential component of the constitutional claim since "[t]o establish a violation of the constitutional right to medical information, a prisoner [1] must satisfy an objective reasonableness standard, [2] must demonstrate that the defendant acted with the requisite state of mind, and [3] *must make a showing that the lack of information impaired his right to refuse treatment*." Pabon v. Wright, 459 F.3d 241, 250 (2d Cir. 2006)(emphasis added).

While the parties are currently briefing these potentially dispositive motions, Leaphart has filed a motion to compel discovery. (Doc. 87.) In this motion, Leaphart seeks wide-ranging discovery, both of his own medical records, and of records, policies, procedures, tape recordings, videos, transcripts, statements, letters, books, memoranda and records involving complaints and grievances filed against the PHS Defendants by other inmates. (Id.) The PHS Defendants have responded by providing Leaphart with more than 100 pages of medical records relating to his own treatment, but have objected to those discovery demands which seek records concerning the treatment of other third parties. (Doc. 99.)

This motion to compel has been briefed by the parties. (Docs. 98 and 99.) For the reasons set forth below, the motion will be denied at this time without prejudice to renewal, if necessary, once the potentially dispositive pre-trial motions are resolved.

## II.   Discussion

Issues relating to the scope of discovery permitted under Rule 26 rest in the sound discretion of the Court.  Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987).  A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion.  Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This broad discretion extends to decisions under Rule 26(c) relating to the issuance of protective orders limiting and regulating discovery. Indeed, it is undisputed that: " '[t]he grant and nature of [a protective order] is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion.' Galella v. Onassis, 487 F.2d 986, 997 (2d Cir.1973) (citation omitted)." Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992).

Certain basic principles, however, guide the exercise of this discretion. One of these cardinal principles, governing the exercise of discretion in this field, is that the district court may properly defer or delay discovery while it considers a potentially

5

dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless. See, e.g., James v. York County Police Dep't, 160 F.App'x 126, 136 (3d Cir. 2005); Nolan v. U.S. Dep't of Justice, 973 F.2d 843,849 (10th Cir. 1992); Johnson v. New York Univ. Sch. of Ed., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Briefly deferring discovery in such a case, while the court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes a simple, fundamental truth: Parties who file motions which may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense and burden of factual discovery until after these claimed legal defenses are addressed by the court.

In our view these principles control here, and dictate how we should exercise our broad discretion in this field. The Defendants have filed potentially dispositive motions, which raise defenses that do not, on their face, appear groundless. See, e.g., James v. York County Police Dep't, 160 F. App'x 126, 136 (3d Cir. 2005). The merits of these claims are currently being addressed by the Court, ensuring a very prompt resolution of this motion. In this setting, we conclude, consistent with settled case law, that:

> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without

foundation in law.' " <u>In re Currency Conversion Fee Antitrust Litigation</u>, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (<u>quoting</u> <u>Chrysler Capital Corp. v. Century Power Corp.</u>, 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) ( <u>citing Flores v. Southern Peru Copper Corp.</u>, 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); <u>Anti-Monopoly, Inc. v. Hasbro, Inc.</u>, 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

<u>Johnson v. New York Univ. School of Educ.</u>, 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

Indeed, we find that an order staying this collateral discovery is particularly appropriate here, and will not prejudice Leaphart's litigation of these summary judgment motions since the Defendants have produced for Leaphart those medical records that directly relate to his treatment in this case, including records which appear to reflect his acknowledgment that the removal of his testicle was a possible consequence of the surgical procedure undertaken by doctors. This discovery allows Leaphart to fully address the merits of the Defendants' summary judgment motions. Accordingly, it is fitting that further, collateral discovery be deferred until those motions are resolved. Furthermore, nothing relating to the collateral discovery Leaphart seeks concerning the medical treatment afforded to other inmates will in any way address the merits of his claims, which largely turn on the extent to which he was afforded the necessary medical information to make choices regarding his right to refuse treatment.

### III.    Conclusion

Accordingly, for the foregoing reasons, the Plaintiff's motion to compel (Doc. 87) is DENIED, without prejudice to the parties pursuing appropriate discovery once the pending, and potentially dispositive, summary judgment motions are resolved.

So ordered this 5th day of April, 2011.


*__S/Martin C. Carlson__*
Martin C. Carlson
United States Magistrate Judge