UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

HAROLD E. LEAPHART,
        Plaintiff,

vs.

PRISON HEALTH SERVICES, INC., et al.,
        Defendants.

Civil No. 3:10-CV-1019

(Judge Kosik)

FILED
SCRANTON
JUN 1 7 2011
Per_____
DEPUTY CLERK

## MEMORANDUM AND ORDER

AND NOW, THIS __17th__ DAY OF JUNE, 2011, IT APPEARING TO THE COURT THAT:

(1) Plaintiff, Harold E. Leaphart, a state inmate currently confined at SCI Fayette, filed this pro se civil rights Complaint on May 12, 2010. (Doc. 1). Plaintiff, thereafter, filed an Amended Complaint on October 4, 2010. (Doc. 50);

(2) In the Complaint, Plaintiff alleges that Defendants, Prison Health Services, Inc., two PHS staff members, Dr. Klemick, and P.A. Auman, and an outside physician, Dr. Kansal, violated his civil rights pursuant to 42 U.S.C. § 1983. (Docs. 1, 50);

(3) Specifically, Plaintiff alleges that the defendant's violated his Eighth and Fourteenth Amendment rights in treating and removing his cancerous right testicle allegedly without his consent, knowledge or approval;

(4) The action was assigned to Magistrate Judge Martin C. Carlson for Report and Recommendation;

(5) Following an extensive procedural history, a motion for summary judgment was filed by defendant Kansal on February 17, 2011 (Doc. 76) and a motion for summary judgment was filed by the remaining defendants on March 1, 2011 (Doc. 83);

(6) On April 28, 2011, the Magistrate Judge issued a Report and Recommendation (Doc. 101) wherein he recommended that the defendants' motions for summary judgment be granted;

(7) Specifically, the Magistrate Judge found that with respect to plaintiff's Eighth Amendment claims, the undisputed facts do not permit a finding of deliberate indifference by the medical personnel defendants to plaintiff's serious medical needs. As the Magistrate Judge points out, from February to May 2008, plaintiff was evaluated by healthcare providers at SCI-Huntingdon and his complaints were addressed. While plaintiff was dissatisfied with the course of medical treatment, his dissatisfaction did not give rise to a viable Eighth Amendment claim. As to plaintiff's Fourteenth Amendment claim, the Magistrate Judge is correct that the evidence shows that plaintiff was informed of his medical options, and that he was advised on an informed consent form, which he signed, of the possibility of the need for additional surgery, i.e. the removal of the right testicle in the event cancer was found. Moreover, this possibility was discussed with plaintiff by several of the defendants;

(8) On May 9, 2011, Plaintiff filed a letter with court stating that he wished to object to the Magistrate Judge's findings and requesting information on an appeal. (Doc. 102);

(9) On May 11, 2011, the court sent plaintiff a copy of the Local Rules regarding Magistrate Judge's Reports and extended the time for filing objections until May 27, 2011. (Doc. 103);

(10) To date, Plaintiff has failed to file any specific objections to the Magistrate Judge's Report and Recommendation;

AND, IT FURTHER APPEARING THAT:

(11) When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1)(C); see Sample v.

Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984);

(12) While Plaintiff raised only a general objection to the Magistrate Judge's Report and Recommendation, we have reviewed the Magistrate Judge's Report in light of the existing record, and we agree with his recommendation that the plaintiff has failed to establish an Eighth or Fourteenth Amendment action against defendants and that the defendants' motions for summary judgment should be granted.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Martin C. Carlson dated April 28, 2011 (Doc. 101) is **ADOPTED**;

(2) The defendants' motions for summary judgment (Docs. 76 and 83) are **GRANTED**;

(3) Judgment is hereby entered in favor of the defendants and against the plaintiff;

(4) The Clerk of Court is directed to close this case and to forward a copy of this Memorandum and Order to the Magistrate Judge.

Edwin M. Kosik
United States District Judge